Geneva RIST, Appellant,

v.

MISSOURI STATE DIVISION OF FAMILY SERVICES, Respondent.

No. WD 30777.

Missouri Court of Appeals, Western District.

March 3, 1980.

James M. Smith, Legal Aid of Western Missouri, Kansas City, for appellant.

Paul T. Keller, Jefferson City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

Geneva Rist appeals after judgment by the circuit court affirmed the decision of the Missouri Division of Family Services terminating a grant in aid for dependent children formerly paid to Geneva on account of her thirteen-year-old daughter, Sandra. The sole question is whether such termination of benefits is valid when imposed because the dependent child has changed living arrangements to attend a school outside her district.

Essential facts are not in dispute. Geneva's home is located within the boundaries of the Kansas City School District and, because of such residence, Sandra was obligated to attend and was enrolled at Northeast Junior High School. In Geneva's opinion, however, the conditions at the school were not conducive to her daughter's education and some hazards were encountered in Sandra's daily walks to and from school. Geneva therefore resolved to transfer her daughter to another school.

Janelle Spangler, another of Geneva's daughters, lives with her husband in Clay County in the district of Northgate Junior High School and Geneva enlisted her help in negotiating a change in Sandra's school. By representing to the school authorities that Sandra lived at the Spangler home rather than with Geneva, enrollment of the child at Northgate was accomplished. For convenience and because daily transportation from Geneva's home to school or to the Spangler home is not available, Sandra stays with the Spanglers during the week and returns to be with her mother on weekends.

As will be hereafter noted, eligibility for continued payment of aid to dependent children benefits is not impaired by temporary absence from the home by the child or parent if the parent remains responsible for

the care and control of the child. On this aspect of the case the evidence was that Geneva's name was listed on the records at Northgate as the person to notify in case of emergency and her telephone number was given. Geneva supplied all of Sandra's clothing, does her laundry, furnishes spending money and makes decisions on discipline. The Spanglers are both employed, are away from home during working hours and it is from Geneva that Sandra must obtain permission for out of school activities.

On these facts, the Division of Family Services expressly found after hearing "that the claimant [Geneva] continues to exercise responsibility for the care and control of the child." The record adequately supports this finding as well as the conclusion that Sandra is temporarily absent from Geneva's home in order that she may attend high school in another district rather than the school she would be obligated to attend were she to continue living with Geneva. Supported as it was by competent and substantial evidence, the agency decision as to Geneva's continuing responsibility for care and control of Sandra while living weekdays in the Spangler home is binding on this court. *Farmer's Bank of Antonia v. Kostman*, 577 S.W.2d 915, 921 (Mo.App. 1979); *Stein v. State Tax Commission*, 379 S.W.2d 495, 498 (Mo.1964).

Although a claimant relative must, as a condition of eligibility to receive aid to dependent children, maintain a place of residence occupied as a home both by himself and the child (Section 208.040 [1]), temporary absence of the child from the customary family setting does not, under 13 C.S.R. 40–2.060(3), disqualify the claimant if and as long as he takes responsibility for the care and control of the child. After finding as it did that Sandra was absent from Geneva's home for the purpose of attending Northgate Junior High School and that Geneva continued to exercise responsibility for Sandra's care and control, the Division of Family Services nonetheless terminated benefits on the ground that a change in

living arrangements to permit attendance at a school outside the child's district accomplished a forfeiture of benefits.

The decision by the Division of Family Services relies on provisions in the agency's Income Maintenance Manual, extracts from which are quoted in the record as controlling in cases where children attend school outside their residence district. The manual is a publication apparently distributed to caseworkers and to claimants for guidance in presenting and processing claims. No provision similar to that quoted from the Income Maintenance Manual restricting benefits where a change in living arrangements avoids school district boundary lines has been found in the Code of State Regulations. The statute imposes no such limitation. The restrictive provision therefore appears to be recorded only in the manual, a document which is not a part of the record in this case.

For the purpose of reaching and deciding the substantive issue in the case, we assume that the extract from the Income Maintenance Manual as quoted in the agency's decision reflects the content of a regulation adopted by the Division of Family Services. Paraphrased, the regulation in question creates an exception to the class of eligible AFDC beneficiaries exercising responsibility for care and control of children temporarily absent from the home to attend school. Such claimants are disqualified if a change in the child's living arrangements (and, hence, his temporary absence from the home) is to permit the child to attend a school outside his district. The record suggests that this limitation is applicable only to elementary and high school students whose compulsory school attendance is in accordance with their residence in particular school districts.

The assumption made here as to the regulation applied from the Income Maintenance Manual conforms to the acceptance by the parties in their briefs and argument of the rule and its effect in this case. While the parties adopt this assumption ig-

1. References are to RSMo 1978.

noring procedural defects, comment must be made as to infirmities in the record recognized but not ruled in this opinion. The Income Maintenance Manual relied on by the Division of Family Services for its decision is not, as above noted, a part of the record in the case. Although Section 536.-031(2) requires that rules promulgated by state agencies be published in the Code of State Regulations, that portion of the Income Maintenance Manual contended to be applicable in this case is not found in the Code. The existence and content of the rule applied by the agency to deny benefits to the claimant therefore depends entirely upon the statement by the agency in its decision that such is the applicable and controlling rule. This obstacle to judicial review of an administrative decision, while significant, is not of jurisdictional dimension. Absent postulation of the question by the parties, we decline to consider it sua sponte, but turn to consideration of the point of error presented by the parties on this appeal.

Appellant accepts, as noted above, the controlling effect of the Income Maintenance Manual regulation in circumstances where a child changes living arrangements to attend school "outside the district." She charges, however, that the regulation creates an ineligible class of aid beneficiaries who are eligible under federal statutes and regulations and that the state limitation must be declared invalid under Article VI of the Constitution of the United States.

■ The Aid to Families with Dependent Children (AFDC) program administered in Missouri by the Division of Family Services is financed by the federal government on a matching fund basis. Election by a state to participate in the program obligates the state to submit to the Secretary of Health, Education and Welfare a plan for distribution of benefits conforming to provisions of the Social Security Act and regulations issued from time to time by HEW. 42 U.S.C.A. § 602. While the states are entitled to adopt standards for eligibility of aid recipients, state participatory plans must provide that aid be furnished to all eligible individuals and those eligible under federal standards may not be excluded. *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

■ Missouri has implemented the AFDC program by statutes and regulations which, to a point, parallel their federal counterparts. In particular, the provisions applicable to this case concern the definition of "dependent child," it being uncontested here that Sandra is a needy child deprived of parental support by reason of the absence of her father from the home. By the terms of 42 U.S.C.A. § 606(a) and § 208.-040–1(2), a dependent child is a needy child living with his father, mother or other specified relative in a place of residence maintained by the relative as his home and is either under age eighteen or under age twenty-one and a student.

Further definition of what constitutes a home is found in 20 C.F.R. § 233.90(c)(v) and 13 C.S.R. 40–2.060(3), both in substantially the same language. The home, which otherwise qualifies under the statute as a residence, exists so long as the relative exercises responsibility for the care and control of the child even though the child is temporarily absent from the family setting. By reason of the assumption earlier adopted that the rules of the Income Maintenance Manual are part of this record, the section from the Code of State Regulations above cited must be supplemented by the provision that temporary absence from the home does not include a change in living arrangements to permit the child to attend a school outside his district. The federal statutes and regulations contain no such exception.

It is important here to note that state participation under 42 U.S.C.A. § 606(a)(2)(B) is optional as to the extension of benefits to needy children up to age twenty-one while attending a school, college or university or a course of vocational or technical training. Senate Report, S.Rep. No. 404, pt. 1, 89th Cong., 1st Sess., 147 (1965), U.S.Code Cong. & Admin.News 1965, p. 1943. If, however, a state does choose to provide benefits, eligibility requirements must conform to federal standards. Mis-

souri has elected to broaden the class of needy children by extending the age limit to twenty-one and including students regularly attending a school, college or university or attending a course of vocational or technical training. Section 208.040–1(1). This extension also broadens the definition of circumstances under which a child may be temporarily absent from the home and yet remain qualified as resident with the responsible relative. Thus the agency in its decision in this case recognized that a temporary separation of the child from the customary family setting does not affect the child's eligibility if (a) he is attending school to obtain an education, and (b) the responsible relative retains care and control. Sandra, however, did not qualify, although concededly a full-time student, because she was attending school outside her district. The question, therefore, narrows to evaluating this limitation in the context of federal standards for eligibility of AFDC beneficiaries.

It is at once apparent that the Income Maintenance Manual regulation is inconsistent with Section 406(a)(2)(B) of the Social Security Act, 42 U.S.C.A. § 606(a)(2)(B), because a dependent child otherwise qualified is there defined to include a child under the age of twenty-one and a student attending a school, college or university without limitation to where the school may be located. The decision by the Division of Family Services expressly confirms that Sandra is not disqualified as a needy and dependent child on grounds other than the school district boundary limit. She is within the federal class of eligibility because of her age and school attendance. The restriction which disqualifies Sandra solely because of the geographical location of her school excludes a class of beneficiaries eligible under federal standards and thus must fail as violative of the Supremacy Clause of the Constitution. *Townsend v. Swank,* 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971).

The decision in *Townsend* is also instructive as to invalid discrimination which the rule as to school district boundaries in this case creates. In *Townsend,* the state of Illinois by statute and regulation extended AFDC benefits to needy children under the age of twenty-one who attended high school or vocational or technical training school but denied such benefits to college students. In common with the subject case, *Townsend* was decided on the question of conflict between federal eligibility standards and state standards. The court also commented, however, on the appellants' claim of violation of the Equal Protection Clause of the Fourteenth Amendment.

The question, of course, is whether the classification is reasonably designed to correct a perceived fault or attain an acceptable public objective and is not purely arbitrary or invidious. In *Townsend,* the court expressed doubt that encouragement of vocational training to the exclusion of college or university instruction met the Constitutional test. While the state here does not justify the discriminatory effect of the rule but, as is hereafter noted, avoids the issue posed by the agency's application of the exclusion provision, the arbitrary nature of the classification is apparent upon minimum analysis.

As a reciprocal of *Townsend,* the Income Maintenance Manual regulation denies aid to dependent, needy children attending elementary or high school outside their district but allows payment on account of other children who attend elementary or high school within their district, or who attend universities, colleges or vocational schools which do not confine their activities to district boundaries. This type of discriminatory classification totally unrelated to the need of the beneficiaries is that which was condemned in *Townsend* as constitutionally suspect. It also violates HEW's so-called "Condition X" which establishes guidelines for state selection of groups to be awarded public assistance. 45 C.F.R. § 233.-10(a)(1)(ii), 36 Fed.Reg. 3866.

None of the foregoing issues raised by appellant are addressed by the state in its brief. As the state construes the agency findings, the termination of benefits was based on a determination that Sandra is resident in the home of her sister because

she attends school in that district. Sandra therefore cannot be residing with her mother who is consequently rendered ineligible to receive AFDC payments for a child not resident in her household. Of course, the requirement of residency is unassailable and is a fundamental condition for eligibility under federal and state statutes.

The agency decision reported in this record fails to confirm the state's assumption as to the basis for the result in the case. The agency expressly found that Geneva continued to exercise responsibility for the care and control of Sandra and that the child was physically present in Geneva's home two to three days a week. The conclusion that Sandra may not be considered to reside in Geneva's home was explicitly stated to turn not on a factual evaluation of the child's residence or domicile, but on the Income Maintenance Manual's exclusion of children otherwise qualified while temporarily absent from the home to attend school if such absence was a change in living arrangements to attend school outside the district.

Even were it to be assumed, however, that Sandra does live with the Spanglers in the sense that the sister's household is Sandra's customary family setting during school terms, the decision of the agency cannot stand because of the discriminatory nature of the exclusionary classification which determines residence of students by application of school district boundaries. According to the state's interpretation of the decision, any needy dependent child is presumptively resident in the school district where he attends elementary or high school even if he is in fact temporarily absent from the home of the claimant relative who remains responsible for the child's care and control. The employment of such a standard which arbitrarily imposes a restrictive interpretation of "home" upon a limited group of dependent children, which is unrelated to need and which excludes beneficiaries qualified under federal law, is beyond the state's authority in administering AFDC upon the authorities previously cited.

The order and judgment of the circuit court affirming the decision of the Division of Family Services is reversed and the cause is remanded with instructions that the case be returned to the Division of Family Services for disposition of appellant's claim in accordance with the conclusions expressed herein.

All concur.