Eldora E. PUMMILL, Appellant,

v.

MISSOURI DIVISION OF FAMILY SERVICES, Respondent.

No. 13477.

Missouri Court of Appeals, Southern District, Division One.

July 23, 1984.

Peggy S. Hedrick, Springfield, for appellant.

Paul T. Keller, Larry L. Kendrick, Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Eldora Pummill appeals from the judgment of the trial court which affirmed an order of the Director of the Missouri State Division of Family Services. The order, entered after notice and evidentiary hearing, discontinued monthly supplemental welfare payments which appellant was receiving under § 208.030.3.[1]

■ Appellant's first point challenges the correctness of a portion of the trial court's judgment. This point has no merit for the reason that this court, in reviewing a contested administrative case, reviews the decision of the agency, not the judgment of the trial court. *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183, 184 (Mo. banc 1982); *Watkins v. State Bd. of Reg. for Healing Arts*, 651 S.W.2d 582, 584[4] (Mo.App.1983).

■ Review of "the action and the decision of the director" is "in accordance with the provisions of § 536.140 RSMo." § 208.100.5. Under § 536.140.2 the scope of judicial review, in this contested case, may extend to a determination of whether the action of the agency is, among other things, in excess of the statutory authority or jurisdiction of the agency, is unsupported by competent and substantial evidence upon the whole record, or is, for any other reason, unauthorized by law. It is the position of appellant that the action of the director "is not supported by the law."

Section 208.030.3 reads, in pertinent part:

"The amount of supplemental payment made to persons who do not meet the eligibility requirements for federal supplemental security income benefits, but who do meet the December, 1973, eligibility standards for old age assistance ... shall be in an amount established by rule and regulation of the division of family services sufficient to, when added to *all other income*, equal the amount of cash income received in December, 1973; except, in establishing the amount of the supplemental payment, there shall be disregarded cost-of-living increases provided for in Titles II and XVI of the Federal Social Security Act and any other benefits or income required to be disregarded by an act of Congress of the United States or any regulation duly promulgated thereunder...." (Emphasis added.)

---

1. Unless otherwise indicated all references to statutes are to RSMo 1978, V.A.M.S.

In December 1973 appellant did not meet the eligibility requirements for federal supplemental security income benefits but did meet the December 1973 eligibility standards for old age assistance. Her old age assistance grant was $85. Appellant was also receiving Social Security benefits "on her husband's entitlement." Appellant's husband died in June 1980 and, by reason of his death, appellant's Social Security benefits changed from those of a wife to those of a widow and increased by $86.50. The director found that the increase in Social Security benefits was due to a change to "another entitlement," that is, a change from a "spouse's entitlement" to a "widow's entitlement."

In computing appellant's "all other income" as used in § 208.030.3, the director included the $86.50 increase. So computed, appellant's income was $124.90 a month, which exceeded her "eligible income level" of $118. For that reason the director ordered that appellant's benefits under § 208.030.3 be discontinued. The issue is whether or not the director acted properly in including the increase in Social Security benefits in appellant's "all other income."

 The wife of an individual entitled to old-age or disability insurance benefits is "entitled" to a monthly insurance benefit under certain conditions prescribed in 42 U.S.C.A., § 402(b). See generally 70 Am. Jur.2d Soc.Sec. and Medi., § 56, p. 765. A widow, as defined in 42 U.S.C.A., § 416(c), is "entitled" to widow's insurance benefits if she meets certain conditions set forth in 42 U.S.C.A., § 402(e). See generally 70 Am.Jur.2d Soc.Sec. and Medi., § 63, p. 771. The wife's benefit ceases when her husband dies. 42 U.S.C.A., § 402(b)(1)(F). The foregoing statutes support the finding of the director that the increase in Social Security benefits was due to a change to "another entitlement," that is, a change from a "wife's entitlement" to a "widow's entitlement."

Appellant does not claim that her increase in Social Security benefits constitut-

ed a "cost-of-living increase[s] provided for in Titles II and XVI of the Federal Social Security Act," as set forth in the exception contained in § 208.030.3. That exception also requires the Division of Family Services, in establishing the amount of the supplemental payment, to disregard "any other benefits or income required to be disregarded by an act of Congress of the United States or any regulation duly promulgated thereunder." Appellant does not cite, nor has the independent research of this court disclosed, any such act or regulation.

In challenging the director's order, appellant quotes language from the "Manual of the Division of Family Services," which sets forth the method by which the amount of a supplemental payment is determined. One step in that method requires that the total of three categories be subtracted from "the December 1973 eligible income level." The discussion of the third such category, which contains the language on which appellant relies, reads, in pertinent part:

"(3) Any unearned income (excluding any RSDI [2] increases received in July 1975 or later). When the recipient initially receives RSDI, the entire amount of the benefit will be counted and any subsequent increases disregarded.

In addition to the situation of an individual receiving an RSDI benefit for the first time, 'initially' also means when an individual begins to receive RSDI under an entirely different RSDI number or when the individual receives under another entitlement, but continues to receive one check under the original claim number.

### EXAMPLE

Mrs. Reeves was receiving an RSDI benefit under her own account number. In November, she received an increase in benefits due to the death of her spouse. The increase is paid out of

---

**2.** RSDI means "Retirement Survivor's Disability Insurance."

**650**

her husband's account; however, Mrs. Reeves continues to receive also under her account (dual entitlement). The increase received due to her husband's death is identifiable and would be added to the RSDI previously received by Mrs. Reeves which was not being excluded. Any subsequent cost of living increases to the full countable amount would be excluded.

NOTE: An 'entirely different RSDI number' is *not* when the only change is in the claim number suffix.

* * * "

Appellant argues that she is not receiving the increase in Social Security benefits "under an entirely different RSDI number" because, she says, only the suffix in her claim number changed.

It should be noted that the manual instructions state that an individual is to be considered as "initially" receiving RSDI when she does so "under another entitlement, but continues to receive one check under the original claim number." Appellant makes no claim that that language does not apply to her. That situation is listed as an alternative to receiving a benefit "under an entirely different RSDI number."

▆ The director's action in discontinuing the benefit is not inconsistent with the manual instructions. Thus it is unnecessary to determine whether, if such inconsistency existed, the manual had any effect as "an authoritative definition or expression of agency policy" or rose to the dignity of a regulation. See *Crudup v. Missouri State Division, Etc.*, 600 S.W.2d 129, 130 (Mo.App.1980). See also *Rist v. Mo. State Div. of Family Services*, 595 S.W.2d 783 (Mo.App.1980).

The judgment is affirmed.

GREENE, C.J., and TITUS and CROW, JJ., concur.