Dianne Sere **BIDNICK**, Donald Sere and Jared Sere, Appellants,

v.

**DEPARTMENT OF SOCIAL SERVICES, DIVISION OF FAMILY SERVICES, and Toni Ringgold, Respondents.**

No. WD 37978.

Missouri Court of Appeals, Western District.

Dec. 2, 1986.

Judith P. Rea, Tamara T. Ewing, Kansas City, for appellants.

Paul T. Keller, Jefferson City, for respondents.

Before PRITCHARD, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

This is an appeal from a circuit court judgment dismissing appellants' petition for judicial review of a decision and order of the Director of the Missouri State Division of Family Services (DFS) denying Myrtle Fuerst's application for Title XIX vendor payments (Medicaid benefits).

One ground for the denial of benefits was that Mrs. Fuerst had conveyed to the three appellants, who are Mrs. Fuerst's grandchildren, the children of her deceased daughter, for less than its market value a parcel of residential real estate of the value

of $60,000. It is this ground of the DFS decision that the appellants challenge. They claim that they were the equitable owners of the real estate in question, subject to a claim of Mrs. Fuerst for an initial payment made by her when the property had been purchased in 1961.

No record of the evidentiary hearing before the Director has been furnished to us, but the following quotation from appellants' brief will explain their position and their interest in the case:

On June 3, 1961, Myrtle Fuerst and her husband John Fuerst took title jointly with Paul and Mildred Sere to property located at 659 West 70th Street. While Mrs. Fuerst loaned Paul and Mildred Sere the downpayment for the house and in fact lived there from 1961 through 1983, the appellants' mother, Mildred Sere made all the payments on the property. The Fuersts' names were originally placed on the deed in 1961 and removed in 1970. In 1980 Myrtle Fuerst was again made a joint tenant, only to protect the property from the creditors of Paul Sere, the appellants' father.

In or around May, 1984, upon the death of both of the other joint tenants, Mrs. Fuerst became the sole record owner of the property. On June 25, 1984, Mrs. Fuerst transferred the property to Mildred Sere's children, the appellants, with the agreement that upon the sale of the house Mrs. Fuerst would be repaid the amount of the borrowed downpayment and a portion of the proceeds would be used to satisfy Mrs. Fuerst's then outstanding balance at the Plaza Manor Nursing Home.

In August, 1984, the Probate Division of the Circuit Court of Jackson County, Missouri, heard testimony regarding the appointment of a guardian for Mrs. Fuerst, and on August 30, 1984, by its order, (Estate No. 143611) appointed Toni Ringgold, another grandchild of Mrs. Fuerst, as the legal guardian of Mrs. Fuerst. In an order dated October 15, 1984, the Probate Division further ordered that the disputed property be sold with the proceeds to be deposited in a restricted account, to be used for the support of Mrs. Fuerst, withdrawals from which required the court's approval. An oral agreement was made at the time of the guardianship proceedings that appellants would voluntarily pay Mrs. Fuerst's nursing home balance at that time and up until the guardian was able to procure medicaid benefits for Mrs. Fuerst.

It is inferable from the record before us that from the $60,000 sale proceeds, the appellants paid to Plaza Manor Nursing Home $20,453.80, the balance owing by Mrs. Fuerst to Plaza Manor Nursing Home.

Should appellants' position ultimately prevail, they assume the retroactive Medicaid payments would be applied to reimburse them the moneys advanced from the real estate sale proceeds for Mrs. Fuerst's care (except for the amount of Mrs. Fuerst's 1961 downpayment on the property, which appellants' brief suggests was something less than $6,817).

The appellants were not allowed to appear and to testify before the DFS. Ms. Ringgold, Mrs. Fuerst's guardian, did not desire their presence or their testimony. The DFS did not choose to present their testimony. The DFS refused to give them notice of the hearing date. When they learned the hearing date on their own inquiry, the hearing date was advanced by one day. Appellants were considered as volunteers. Had they been allowed to testify, they would presumably have testified to the facts as stated in their brief copied supra.

The Division of Family Services challenges appellants' standing to petition for judicial review. Appellants claim they are "aggrieved person(s)" and are therefore entitled to judicial review of the Director's decision under the provisions of § 536.100, RSMo 1978. The circuit court, as noted above, dismissed their petition on the ground of lack of standing.

■ The circuit court was correct in this decision. The statute governing judi-

cial review in this case is not § 536.100 but is § 208.100, RSMo (Supp.1984). Section 208.100 is a special statute governing judicial review of decisions of the Division of Family Services. Where there is a special statute governing review from the decisions of particular agencies, that statute controls to the exclusion of a general statute for judicial review of administrative decisions, such as § 536.100. Supreme Court Rule 100.01; *Brogoto v. Wiggins*, 458 S.W.2d 317, 319 (Mo.1970); *State ex rel. Ballard v. Luten* 555 S.W.2d 855, 858 (Mo.App.1977).

Section 208.100 provides that an "aggrieved *claimant*" may appeal an adverse decision of the Director of the Division of Family Services. The implication is that *only* the aggrieved claimant may appeal, and that other persons who may be aggrieved by the judgment, such as these appellants, are excluded.

Judgment affirmed.

All concur.