**Evelyn P. POLLARD, Appellant,**

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF FAMILY SERVICES, Respondent.**

No. WD 39876.

Missouri Court of Appeals,
Western District.

June 21, 1988.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Evelyn P. Pollard applied for medical assistance benefits on the grounds of permanent and total disability. The Division of Family Services denied the claim and the circuit court affirmed. On appeal here, Pollard contends the decision to deny her benefits was not based on competent and substantial evidence and was not authorized under existing law because she was implicitly required to prove a higher and greater degree of disability than that necessary to meet the threshold standard for eligibility. We agree and therefore remand the case for redetermination of benefits.

Pollard is 54 years of age and has an eighth grade education. Her only gainful employment has consisted of odd jobs entailing manual labor for neighbors raking yards, pulling weeds and painting. She testified that she abandoned her last job pulling weeds along a fence because her arthritis and a displaced knee cap made it impossible to continue. She also testified that she suffers from urinary incontinence, she cannot climb stairs, cannot walk without a cane, cannot stand for more than five minutes, has poor vision and lacks strength to carry a sack of groceries. Her only income is a widow's pension from the Veteran's Administration.

Pollard made her application for medical assistance benefits August 20, 1986. The previous month she had been hospitalized after a two day period of abdominal pains with persistent nausea and vomiting. She underwent exploratory surgery and upon discharge after a period of some two weeks she was diagnosed as suffering from septicemia, intra-abdominal abscess, hypothyroidism, diabetes, bilateral pneumonia, urinary incontinence, generalized arthritis and obesity. The medical records from the hospital were admitted in evidence.

Jack R. Uhrig, M.D., treated Pollard during her period of hospitalization. The Division of Family Services presented in evidence at the hearing two reports which it

Tim Hauser, Legal Aid of Western Missouri, Warrensburg, for appellant.

Richard Beaver, Woodie J. Curtis, Jr., Dept. of Social Services, Jefferson City, for respondent.

obtained from Dr. Uhrig. The first was a division form for certification by a physician in medical assistance cases. Dr. Uhrig indicated on the form that Pollard had a physical disability which prevented her from engaging in full time employment on a regular basis and the incapacity was expected to exist indefinitely. On the second form, Dr. Uhrig stated that Pollard was unable to work because of obesity and diabetes. There was no other medical evidence in the case and Pollard was not examined by any doctor at the request of the division.

The decision by the Director of the Division of Family Services to deny the claim was stated as follows:

> Under the medical eligibility factors for Medical Assistance benefits, a claimant must be determined as permanently and totally disabled. Permanently would refer to a condition which is not likely to improve and which would continue throughout the lifetime of the individual. Claimant's diagnosis of an insulin dependent diabetic would be considered as permanent in that it is not likely to improve. Evidence of record does not establish that claimant's diabetic condition is totally disabling at this time. Thus, the action by the Agency in rejecting this application on the basis that claimant does not have a permanent and total disability is affirmed.

█ Welfare benefits are in the nature of property rights and are private rights within the meaning of Art. V, § 22 of the Missouri Constitution. *Hill v. State Department of Public Health and Welfare*, 503 S.W.2d 6, 10–11 (Mo. banc 1973). Upon appeal from a decision by the circuit court affirming an order by the Division of Family Services in a contested case, the appellate court reviews the decision of the agency, not the judgment of the trial court. *Pummill v. Missouri Division of Family Services*, 674 S.W.2d 647, 648 (Mo.App. 1984). Review of the decision by the administrative agency denying welfare benefits is in accordance with Art. V, § 22 of the Missouri Constitution and § 536.140, RSMo 1986, which implements it. *See Mor-*

*ris v. State Department of Public Health and Welfare*, 504 S.W.2d 170, 172–73 (Mo. banc 1974). If the findings by the agency are supported by substantial and competent evidence in the record, they must be affirmed, but if they are contrary to the determinative undisputed facts, the decision is arbitrary and unreasonable and must be reversed. *Collins v. Division of Welfare*, 364 Mo. 1032, 1036, 270 S.W.2d 817, 819 (banc 1954).

█ Eligibility for medical assistance under the state program requires the claimant to show that he is permanently and totally disabled. Permanent and total disability is defined in the regulations as a condition of physical or mental impairment from which recovery or substantial improvement cannot be expected and which substantially precludes the individual from engaging in an occupation for which he is qualified. 13 C.S.R. 40–2.100. The standard for eligibility is established by § 208.051(4), RSMo 1969 (repealed by Laws of Mo. 1973, p. 358, effective January 1, 1974, but retained as a standard for eligibility pursuant to § 208.151.1(12), RSMo 1986). A claimant is eligible if he is disabled by illness, injury, or other physical or mental impairment which is medically determinable and can be expected to be of long-continued and indefinite duration or result in death. According to the income maintenance manual of the division, a forecast of continuous disability expected to last for at least twelve months is sufficient to qualify the condition as permanent and total disability. *Crudup v. Missouri State Division of Family Services*, 600 S.W.2d 129, 131 (Mo.App.1980); *see* Income Maintenance Manual, Ch. XI, § XIV, p. 1 (Sept. 1983 revision).

Two questions are inevitably presented when a claim for benefits under the medical assistance program is presented. The first is whether the condition has caused the claimant to be totally disabled and therefore rendered unable to engage in an occupation for which he is qualified. The second question is whether the disability is permanent. A disability is permanent if it is forecast to be of indefinite duration and

recovery or substantial improvement is not expected.

■ The evidence in the case adequately showed that Pollard was totally disabled, thus satisfying the first eligibility requirement. The physician's certification on the division's own form so stated and Pollard's uncontradicted evidence was that she could not continue to perform the modest odd jobs she had formerly engaged in on an occasional basis. As to the second requirement, Dr. Uhrig reported that Pollard's incapacity was expected to continue indefinitely. For purposes of qualifying under permanent disability status, it is sufficient to establish that the condition of physical or mental impairment is forecast to be of indefinite duration.

The decision to deny Pollard benefits ignored the determinative, undisputed facts in evidence and, without any evidence at all upon which to base the conclusion, found Pollard's condition not to be disabling. Under the authorities previously cited, the decision was arbitrary and unreasonable and must be reversed.

It is also appropriate to note, although not determinative, that the decision erred when it announced a definition of permanent disability as one which would continue throughout the lifetime of the individual. It is enough if, as here, the medical evidence indicates the condition is long-continued, of indefinite duration and recovery or substantial improvement is not expected.

The judgment is reversed and the case is returned to the circuit court with directions that it remand the claim to the Director of the Division of Family Services for a redetermination of benefits.

All concur.