Beverly J. THOMAS, Respondent,

v.

MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF FAMILY SERVICES, Appellant.

No. WD 43295.

Missouri Court of Appeals, Western District.

Jan. 29, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 1991.

Application to Transfer Denied April 9, 1991.

Linda Ray–McKenna, Jefferson City, for appellant.

Tim Hauser, Warrensburg, for respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

GAITAN, Judge.

The Missouri Department of Social Services, Division of Family Services (hereafter DFS) appeals the decision of the circuit court of Benton County reversing a DFS agency determination denying respondent, Beverly J. Thomas, General Relief benefits available under Chapter 208 of the Missouri Revised Statutes. The decision of the circuit court to reverse DFS is affirmed.

The facts are undisputed by the parties. In December of 1987, Beverly J. Thomas began to receive government medical assistance in the form of Medicaid, a federally funded program arising under Title XIX of the Social Security Act, 42 U.S.C. §§ 1396–1396p (1982). Ms. Thomas, who qualified for assistance based on permanent and total disability, continuously received Medicaid benefits throughout the time period in question. Medicaid funds are dispersed pursuant to a state plan embodied in Mo.Rev.Stat. § 208.151 (1986).

Ms. Thomas first applied for General Relief, a public assistance program wholly financed by state funds, on March 21, 1988. Under the General Relief program, qualified persons receive monthly cash grants, Mo.Rev.Stat. § 208.010 (1986), and are automatically entitled to medical assistance via Mo.Rev.Stat. § 208.162 (1986). On June 3, 1988, DFS rejected Ms. Thomas's application for General Relief stating that as a Medicaid recipient, she would have to choose between the programs and could not receive benefits from both. Ms. Thomas chose to continue receiving Medicaid.

On December 13, 1988, Ms. Thomas submitted another application to DFS for General Relief benefits. DFS rejected this second application stating "[y]ou chose to receive Medical Assistance benefits (the agency's term for Medicaid). You cannot

receive General Relief benefits in addition to Medical Assistance" (parenthetical added). At Ms. Thomas's request, an administrative hearing was held on March 17, 1989, to review the denial of her application for General Relief. The agency rendered its Decision and Order on April 6, 1989 denying Ms. Thomas's request for relief. The decision stated "an individual determined to be medically eligible for both General Relief benefits and Medical Assistance benefits is forestalled from drawing a General Relief cash grant and Medical Assistance Title XIX concurrently."

Ms. Thomas appealed the decision of DFS to the circuit court of Benton County. In reversing the DFS's decision, the court held there is no legal authority for denying Thomas General Relief and "that under Missouri statutory law, Petitioner should not have been denied General Relief benefits, and that the denial therefore was in excess of the statutory authority of the agency." DFS assigns error to this holding and appeals.

■ Ostensibly this court is called upon to review the circuit court's determination. The Court of Appeals, however, in reviewing a contested administrative case, "reviews the decision of the agency, not the judgment of the trial court." *Pummill v. Missouri Div. of Family Servs.*, 674 S.W.2d 647, 648 (Mo.App.1984) (citing *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183, 184 (Mo. banc 1982)).

■ The decision of DFS was inextricably founded upon an interpretation, by the Director of DFS, of the statutes controlling qualification for Medicaid and General Relief. Clearly then, the issue in this appeal is strictly legal in nature: Whether a person receiving Medicaid benefits can concurrently receive the benefits provided by the state under General Relief, or whether, as advocated by the appellant, "GR (General Relief) with medical assistance and Medicaid are mutually exclusive programs." Ordinarily, in judicial review

of an agency determination significant deference is given to the findings of the agency. *Missouri State Div. of Family Servs. v. Barclay*, 705 S.W.2d 518, 520 (Mo.App. 1985). In cases such as the present, however, where the issue to be resolved is exclusively legal this deference is diminished. "If an administrative agency's decision is based upon its interpretation or application of the law, then the matter is for the independent judgment of the reviewing court." *Id.* (citing *King v. Laclede Gas Co.*, 648 S.W.2d 113, 114 (Mo. banc 1983)). In the independent judgment of this court, DFS's interpretation of the controlling statutes is without authority or justification.

■ A fundamental canon of statutory interpretation is "to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988); *see also Donahue v. St. Louis*, 758 S.W.2d 50, 52 (Mo. banc 1988). Indeed, "[w]here language of a statute is clear and unambiguous there is no room for construction." *Community Fed. Savs. & Loan Ass'n v. Director of Revenue*, 752 S.W.2d 794, 798 (Mo. banc), *cert. denied*, 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 221 (1988); *see also State ex rel. Degeere v. Appelquist*, 748 S.W.2d 855, 857 (Mo.App. 1988). Eligibility for General Relief is a function of two statutes: Mo.Rev.Stat. § 208.010 (1986), states in affirmative terms those persons eligible for General Relief; and Mo.Rev.Stat. § 208.015 (1986), states negatively those persons not eligible. Neither party questions that Ms. Thompson meets the qualifications contained in § 208.010. Indeed, DFS admits repeatedly that Ms. Thompson is qualified to receive General Relief as well as Medicaid benefits. The question is, however, whether she can receive both concurrently. Section 208.015 provides the only express exclusions for persons otherwise eligible to receive benefits under § 208.010.[1] The plain and ordi-

---

1. Section 208.015 provides in relevant part:

   1. The division of family services shall grant general relief benefits to those persons deter-

mined to be eligible under this chapter and the applicable rules of the division. The director may adopt such additional require-

nary language of § 208.015 clearly expresses a legislative mandate that DFS "shall grant general relief benefits to those persons determined to be eligible under this chapter and the applicable rules of the division" unless expressly excluded by paragraph two. None of the offered exclusions apply to recipients of Medicaid. Therefore, a literal reading of Mo.Rev.Stat. §§ 208.-010–.015 (1986), yields the conclusion that Ms. Thomas was entitled to receive General Relief benefits concurrently with Medicaid. This court is compelled to apply the literal language of these statutes.

The arguments offered by DFS in an effort to escape a literal application of the statutes are without merit. DFS argues that legislative intent to make General Relief and Medicaid benefits mutually exclusive was shown by 1981 amendments to Mo.Rev.Stat. § 208.151 (1986), entitled "Persons eligible to receive medical assistance," which governs eligibility for Medicaid. These amendments removed provisions giving General Relief recipients categorical eligibility for Medicaid. However, the amendments neither expressly state or implicitly show a legislative intention to preclude a person who meets the individual qualifications of both programs from receiving the benefits of each.

DFS also argues that the creation, in Mo.Rev.Stat. § 208.162 (1986), of a state funded system of medical assistance separate from Medicaid manifests legislative intent to make the entire General Relief program mutually exclusive of Medicaid. This is not a well reasoned argument. The 1981 amendments to § 208.151 which abolished categorical eligibility for Medicaid created a danger that some individuals who qualified for General Relief could not qualify independently for Medicaid and thus would be without any form of medical assistance. Section 208.162 seems to be an effort to fill this gap. It requires a sub-

stantial leap in logic to conclude that the legislative intent behind § 208.162 was to preclude Medicaid recipients from receiving all General Relief benefits, including cash advances designed to provide sustenance. These cash advances available to Ms. Thomas under Mo.Rev.Stat. § 208.010 (1986), are primarily at stake in this appeal. Medical aid, via either Medicaid or General Relief, is paid directly to the person or entity rendering care, not to the aid recipient. *See* Mo.Rev.Stat. § 208.151 and § 208.162 (1986). Therefore, redundant payments for medical aid are unlikely. It does not logically follow from the creation of a state funded medical assistance program that the legislature intended to preclude availability of subsistence grants.

■ In essence, to accept DFS's construction of the controlling statutes would require us not to interpret existing statutory language, but rather to create ambiguity in otherwise plain, direct language to achieve the result desired by DFS. However, "the courts have no business foraging among the rules of judicial construction to try to create an ambiguity where none exists." *Wells v. Bryant*, 782 S.W.2d 721, 723 (Mo.App.1989); *see also In re Estate of Thomas*, 743 S.W.2d 74, 76 (Mo. banc 1988). Indeed, courts only look beyond the plain and ordinary meaning of statutory language "when the meaning is ambiguous or would lead to an illogical result defeating the purpose of the statute." *State ex rel. Maryland Heights Fire Protection Dist. v. Campbell*, 736 S.W.2d 383, 387 (Mo. banc 1987). To hold that individuals receiving Medicaid are foreclosed from all General Relief benefits is itself illogical and would be counter-productive to the fundamental purpose of the General Relief statute: To "provide such persons with reasonable subsistence compatible with decency and health." Mo.Rev.Stat. § 208.010 (1986).

ments for eligibility for general relief, not inconsistent with this chapter, which he deems appropriate.

2. General Relief shall not be granted to any person:
(1) Who has been approved for federal supplemental security income and was not on the general relief rolls in December, 1973; or

(2) Who is a recipient of:
(a) Aid to families with dependent children benefits;
(b) Aid to the blind benefits;
(c) Blind pension benefits; or
(d) Supplemental aid to the blind benefits.

Accordingly, we affirm the judgment which reversed the determination of DFS and order that Ms. Thomas receive the benefits of General Relief to which she is entitled.

All concur.