Tillie **CHRISMER**, Appellant,

v.

**MISSOURI STATE DIVISION OF FAMILY SERVICES,**
Respondent.

**No. WD 43878.**

Missouri Court of Appeals,
Western District.

Oct. 8, 1991.

Effie F. Day, James Marshall Smith, Legal Aid of Western Missouri, Kansas City, for appellant.

Linda Ray–McKenna, Dept. of Social Services, Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Appellant Tillie Chrismer appeals from the judgment of the circuit court affirming the decision of the Missouri State Division of Family Services ("Division") denying appellant's request for Medical Assistance on the finding that she was not permanently and totally disabled.

Judgment reversed and remanded.

Appellant alleges two points of error. Point One, subdivided, alleges: (a) the denial of Medical Assistance benefits, on the basis that appellant suffered from situa-tional depression which would not last one year or longer and that no significant physical disability existed, is not based on competent and substantial evidence, but is arbitrary, unreasonable and contrary to the overwhelming weight of the medical evidence and testimony; and (b) that the Division imposed upon appellant a greater burden of proof than authorized by law by requiring a predicted future disability, when appellant established a disability which has already lasted one year or longer. Point Two alleges the court erred in affirming the decision of the Division because the decision is not based upon competent and substantial evidence, but is arbitrary and unreasonable in that the Director of the Division failed to properly weigh and consider appellant's evidence regarding her pain, functional limitations and vocational factors.

Appellant applied for General Relief and Medical Assistance benefits on March 9, 1989. The Division rejected appellant's application for General Relief benefits on June 6, 1989, and her application for Medical Assistance benefits on September 14, 1989, on the basis that she was not medically eligible for either program. Appellant filed a request for a hearing on the rejection of her applications. On September 21, 1989, the hearing was held before Mark Oppermann, a hearing officer appointed by the Department of Social Services.

At said hearing, Thomas McClue, a Division caseworker, testified that appellant would have to be permanently and totally disabled for one year or longer to qualify for Medical Assistance benefits, and unemployable for ninety days or longer to qualify for General Relief benefits. Caseworker McClue testified he received a medical certification of disability from appellant's treating physician dated November 22, 1988, which certified that appellant was disabled and not able to be gainfully employed, with this disability expected to last indefinitely. Mr. McClue also received a second certification of disability from Dr. Fred Fayne, dated April 4, 1989, certifying that appellant was disabled and unable to be gainfully employed and that her disabili-

ty would continue until 1991. A Medical Review Team reviewed appellant's Social Information Summary and medical evidence as submitted by caseworker McClue. Caseworker McClue testified he denied appellant's applications for General Relief and Medical Assistance upon receiving the written findings of the Medical Review Team issued at the conclusion of their review.

Appellant also testified at the hearing. At that time she was a fifty-eight year old woman. Although she testified she had a ninth grade education, the Social Information Summary included prior information from appellant that she had completed the twelfth grade. Appellant testified she has no special skills or training. Appellant has arthritis in her left foot, lower back and knees which, as she testified, causes her excruciating pain. She had a lower lumbar disc taken out of her back in Houston, Texas, approximately fifteen years earlier. As a result of these conditions, appellant testified she can only wear tennis shoes; is unable to bend down; can only sit in one place for about one-half hour without being uncomfortable; and experiences swelling in her feet if she stands in one place too long. Her doctor prescribed treatment instructing her to sit very straight in a special chair and to lift one foot while sitting. For these conditions, appellant takes Soma Compound and Advil which helps to reduce her pain, but does not alleviate it completely.

Appellant also testified that she suffers from hypoglycemia for which she takes the prescribed medication, Diazepam. The hypoglycemia causes twitching in her hands, eyes and eyelids, and numbness around her mouth. Appellant testified this condition is controllable by diet and medication. Appellant has seen Dr. Rayford, and has been to Trinity Lutheran Hospital, Truman Medical Center and Samuel Rodgers Health Clinic for her back pain and hypoglycemia.

Appellant further testified that she suffers from depression and anxiety and has seen Dr. Fred Fayne during the last five years for her mental health. At the time of the hearing she was seeing Dr. Fayne once a month. He prescribed Diphenhydramine HCL for her. Appellant testified that she is under a lot of stress due to being with her mother constantly and caring for her mother.

Appellant's last employment was in August, 1988, at Answerette at the Medical Plaza Building. She worked there only three days, answering the telephone and trying to type, before being terminated because her typing was too slow. Appellant's employment prior to August of 1988 consisted of manual labor in a factory; PBX work at a hospital in Houston, Texas; Municipal Court work in Houston; and retail work at a fashion store. These past employments involved both sedentary and physically active work. She testified that her last "good" job had been working with her brother as a collator in a printing company in 1986. Her employment there involved stooping down, getting papers out, cutting paper and binding paper.

Appellant testified her normal daily activities include having breakfast and lunch at a senior citizens' center, where she usually plays Bingo. She also attends church frequently. She does her own housework with difficulty, and at times she has help with her laundry from neighbors.

Medical records from Truman Medical Center show contact with appellant on May 3, 1988, May 17, 1988, October 31, 1988, and January 25, 1989. On May 3, appellant complained of multiple joint pain. The assessment was chronic low back pain with noted pain to the extremity on right leg raising. On May 17, appellant complained of neck, low back and left elbow pain. On October 31, 1988, she gave a history of lumbar laminectomy, continued low back pain, numbness and weakness of hands and legs and continued stress. At this visit, x-rays confirmed degenerative joint disease in the cervical spine.

Appellant complained of arthritis in her feet and knees and twitchy eyes, hands and mouth on January 25, 1989. The diagnosis on this date was urethral stenosis by history, depression, arthritis and hypoglycemia. Medical Report Including Physician's Certification/Disability Evaluation was complet-

ed on this date by the attending physician, but his signature is illegible. This Medical Report Including Physician's Certification/Disability Evaluation was received by the Division. The physician indicates that appellant's extremities have a full range of motion, although painful. At this time it was noted that although appellant had tender joints, appellant could walk, stand, bend and stoop without difficulty. He expressed the opinion that appellant did not have a physical or mental disability which would prevent her from working. He further indicated that although appellant suffers from arthritic pain, it was not severe enough for disability.

Cleveland Rayford, M.D., completed a Medical Report Including Physician's Certification/Disability Evaluation on January 24, 1989. His diagnosis of appellant was anxiety neurosis, low back pain, obesity and degenerative joint disease. Dr. Rayford expressed his opinion that appellant "has a large anxiety component in addition to her low back pain" which would permanently affect her ability to handle a job, as employment would bring on stress. Dr. Rayford indicated that appellant has a mental or physical disability which would prevent her from engaging in full-time employment indefinitely. An x-ray taken on October 14, 1988, at Dr. Rayford's request revealed minimal degenerative joint changes of both hips and the sacroiliac joints and degenerative changes of the lumbar spine, with a diagnosis of degenerative osteoarthritis of the lumbar spine.

Medical records from Wayne Miner Neighborhood Health Center (now Samuel Rodgers Health Clinic) note numerous visits by appellant from October 7, 1988, to November 30, 1988. These records indicate diagnoses of low back pain, degenerative joint disease, and anxiety neurosis. Contact with appellant was noted on December 20 and December 27, 1988. At that time, appellant was anxious; had decreased memory for significant events and times; was defensive, guarded, showed circumstantial thought; suffered from hysterical outbursts, feelings of helplessness and decreased self esteem and self worth. The recorded diagnoses were chronic depression with melancholia and hypoglycemia. Appellant was also seen at Samuel Rodgers Clinic on February 1, February 28, March 1, and March 20, 1989. Her diagnoses during this period was major depression with melancholia. It was also noted that appellant was having trouble sleeping and had decreased concentration and attention span. Numerous additional visits were recorded from January 20, 1989, through April 8, 1989. Her diagnoses during this time period were degenerative joint disease and arthritis, as well as major depression.

The third Medical Report Including Physician's Certification/Disability Evaluation dated April 4, 1989, was completed by Fred Fayne, M.D. Dr. Fayne had recorded complaints by appellant of severe anxiety, depression, excessive worry about health, insomnia, anorexia, malaise, loss of interest in life, no joy in life, agitation and low stress tolerance. His diagnoses were major depression with melancholia and passive-aggressive personality disorder. His opinion was that appellant was disabled due to the fact that her mental state compromises her ability to concentrate, she has decreased attention span, poor memory for recent events, and difficulty with interpersonal relationships. He stated this disability would prevent appellant from engaging in full-time employment on a regular basis until 1991.

On November 9, 1989, the Director of the Missouri State Division of Family Services issued a decision granting appellant General Relief benefits upon a finding that "[b]ecause the claimant does appear to have major depression which is apparently a situational depression, this impairment along with the pain which is not demonstratively disabling in itself does tend to substantiate the claimant's assertion that she is unemployable and has been and will be expected to be unemployable for a period of ninety days or longer." The Director denied appellant's claim for Medical Assistance benefits, however, as a result of finding that the sources of appellant's depression are situational; that her physical impairments, although real, do not functionally limit her ability to work; and that appellant failed to

meet her burden to establish that her disability would last for a year or longer.

The appellant filed a timely notice of appeal to the circuit court. On August 16, 1990, the circuit court affirmed the decision of the Division. From this order, appellant appeals to this court.

Appellant's Points One and Two both allege that the decision of the Division is not based upon competent and substantial evidence, and is arbitrary, unreasonable and contrary to the overwhelming weight of the evidence. Therefore, Points One and Two will be considered together.

A person claiming public assistance benefits is guaranteed the right to appeal an adverse decision of the Division to the circuit court pursuant to § 208.100, RSMo 1986.[1] If the circuit court's decision is not favorable to the claimant, then the claimant has the right to further appeal said decision to the appellate court pursuant to § 208.110. Where there is a specific statute governing the review of decisions of a government agency, that statute controls to the exclusion of any general statutes for judicial review of administrative decisions. *Bidnick v. Department of Social Services,* 723 S.W.2d 453 (Mo.App. 1986). When filing a public assistance claim, the applicant has the burden of proving his eligibility for public benefits. *Marshall v. State Dep't. of Public Health & Welfare,* 485 S.W.2d 693 (Mo.App.1972).

This court, in reviewing a contested administrative case, reviews the decision of the agency, not the judgment of the circuit court. *Thomas v. Missouri Dep't. of Social Services,* 805 S.W.2d 286, 288 (Mo.App.1991). The applicable scope of judicial review is whether the Division Director's decision is supported by competent and substantial evidence on the record as a whole. *Hill v. State Dep't. of Public Health & Welfare,* 503 S.W.2d 6 (Mo. banc 1973). In determining whether there is substantial evidence, only the evidence most favorable to the Director's findings and order must be considered. *Collins v. Division of Welfare,* 270 S.W.2d 817 (Mo.

banc 1954). Further, if the findings by the agency are supported by substantial and competent evidence in the record, they must be affirmed, but if they are contrary to the determinative, undisputed facts, the decision is arbitrary and unreasonable and must be reversed. *Pollard v. Missouri Dep't. of Social Services,* 752 S.W.2d 466, 468 (Mo.App.1988), citing *Collins,* 270 S.W.2d at 819.

The Division Director, as the determiner of facts, is not required to accept as true each and every statement of appellant. *Johnson v. State Dep't. of Health & Welfare,* 283 S.W.2d 147, 149 (Mo.App. 1955). The determination of the credibility of witnesses is within the province of the director. *Humphrey v. State Dep't. of Public Health & Welfare,* 286 S.W.2d 563, 566 (Mo.App.1956). A decision is not arbitrary or unreasonable merely because the court on appeal might have reached a contrary conclusion upon the same evidence. *Brattin v. State Social Security Commission,* 194 S.W.2d 536 (Mo.App.1946); *Norman v. State Dep't. of Public Health & Welfare,* 283 S.W.2d 143 (Mo.App.1955). Keeping these principles firmly in mind, this court now analyzes the case at bar.

The applicable definitions of permanent and total disability are as follows:

"Permanent and Total Disability (PTD) means that the individual has some physical or mental impairment, disease or loss from which recovery or substantial improvement cannot be expected and which substantially precludes him/her from engaging in any occupation within his/her competence such as holding a job or homemaking."

13 CSR 40–2.100(1). The standard for eligibility is established by § 208.151.1(12). *Pollard,* 752 S.W.2d at 468. That definition is further circumscribed by the Income Maintenance Manual of the Division of Family Services which states that a continuous disability expected to last twelve months or longer is sufficient to qualify as permanent and total disability. *Crudup v.*

---

1. All statutory references are to RSMo 1986, unless specifically stated.

*Missouri State Division of Family Services,* 600 S.W.2d 129, 130 (Mo.App.1980).

■ Here, the evidence more than adequately demonstrates that appellant is totally and permanently disabled as defined by the Division and the applicable state regulation. The Director's decision denying appellant Medical Assistance is not supported by competent and substantial evidence on the record as a whole. The decision of the Director is arbitrary and unreasonable and must be reversed.

Three doctors submitted, on the Division's own medical certification forms, facts which establish appellant's disability. On January 25, 1989, one doctor (whose signature is illegible) who saw appellant only for this one examination, notes that the claimant walks, bends, stoops and stands without difficulty. He indicated that she did have arthritic pain but he did not believe the pain to be disabling. As is evident from the Director's decision, this doctor did not consider appellant's mental disabilities, an important component of her disability as established by 13 CSR 40–2.100.

Appellant presented competent and uncontroverted evidence of "permanent and total disability" as defined, *supra.* Dr. Rayford, one of appellant's treating physicians, submitted a certification statement which considered both appellant's physical and mental disabilities. Dr. Rayford listed diagnoses of anxiety, neurosis, low back pain, obesity and degenerative joint disease. He further stated that appellant was disabled and would continue to be disabled for a period of one year or indefinitely.

The medical report submitted by Dr. Fayne, appellant's treating psychiatrist, listed diagnoses of major depression with melancholia and passive aggressive personality disorder. He further noted her poor memory for recent events, impaired ability to concentrate, decreased attention span and difficulty with interpersonal relationships. Dr. Fayne concluded that appellant would be disabled until 1991, which is over one year from April 4, 1989, the date of his report.

The Director, however, characterizes appellant's disability, specifically her depression, to be "situational", a diagnosis which cannot be found in any of the three physicians' reports. One of appellant's doctors characterized her condition as "major depression [and] melancholia." Her other physician reported a "large anxiety component regarding her health," concluding that she would "have trouble getting along on a permanent basis on a job dealing with stress." The third report is silent as to depression. Although depression was on the report's "problem list," the assessment portion of the form was left blank. It is clear that appellant's depression was in no way characterized as situational. In *Pollard* the court states that, "[i]f the findings by the agency are supported by substantial and competent evidence in the record, they must be affirmed, but if they are contrary to the *determinative undisputed facts,* the decision is arbitrary and unreasonable and must be reversed." *Pollard,* 752 S.W.2d at 468 (emphasis added). Depression was a determinative fact, the Director's findings show this to be true. That the depression was "situational" is contrary to what the undisputed facts disclose.

Considering the gamut of appellant's physical and mental conditions, appellant has met the burden of establishing her eligibility for Medical Assistance. The Director's decision was not based upon competent and substantial evidence on the record as a whole is arbitrary and unreasonable. Therefore, the Director's decision must be reversed.

The judgment is reversed and case is remanded to the circuit court with directions that it remand the claim to the Director of the Division of Family Services for a redetermination of benefits.

All concur.