Gloria Marie GARRETT, Appellant,
[per Rule 84.05(e) ],

v.

MISSOURI DEPARTMENT OF SO-
CIAL SERVICES, Division of Fam-
ily Services, Respondent.

No. 24022.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 2001.

Gerald V. Liljedahl, Springfield, for appellant.

Carolyn H. Kerr, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Gloria Garrett ("Claimant") applied to the Missouri Department of Social Services, Division of Family Services ("the Division") for medical assistance benefits (Medicaid). The Division denied her claim. Claimant asked for judicial review of the Division's decision. The circuit court revised the Division's decision and found in favor of Claimant. We disagree and reverse and remand with directions to the trial court to reinstate the decision of the Division.

■ Although the Division filed the notice of appeal, Claimant is designated as the appellant. In an appeal from a circuit court's reversal of an administrative agency's decision, this court reviews the agency's decision, not that of the circuit court. *Chrismer v. Missouri State Division of Family Services*, 816 S.W.2d 696, 700 (Mo. App. W.D.1991). Rule 84.05(e)[1] requires that in such a situation the party aggrieved by the agency's decision file the appellant's brief on appeal. Pursuant to that rule, Claimant filed the initial brief on appeal.

The Division filed a motion to strike Claimant's brief for failure to comply with

---

**1.** Rule 84.05(e) states as follows:

If the circuit court reverses a decision of an administrative agency and the appellate court reviews the decision of the agency rather than of the circuit court, the party aggrieved by the agency decision shall file the appellant's brief and reply brief, if any, and serve them within the time otherwise required for the appellant to serve briefs. The party aggrieved by the circuit court decision shall prepare the respondent's brief and serve it in a time otherwise required for the respondent to serve briefs.

All rule references are to Supreme Court Rules (2001), unless otherwise stated.

Rule 84.04, the rule that governs appellate briefs. The Division contends multiple violations of the rule. The Division's argument is well taken.

■ Claimant's brief has no table of authorities. Rule 84.04(a)(1) requires an appellant's brief to contain such a table with references to the pages of the brief on which the listed authorities are cited.

Claimant's brief does not cite to specific page references in the transcript or the legal file to support her statement of facts. These references are required by Rule 84.04(i). Claimant's Statement of Facts also violates Rule 84.04(c)'s requirement of a "fair and concise statement of the facts relevant to the questions presented for determination without argument."

■ Claimant's argument portion of her brief has fatal defects as well. Claimant's Point Relied On is as follows: "The Director of the Division of Family Services did not correctly apply the law of the State of Missouri as to the creation and continuance of a security interest. Therefore, this decision is not supported by substantial and competent evidence, and is against the law[.]" The requirements for a Point Relied On are stated in Rule 84.04(d). That rule first requires identification of the agency's ruling or action that is challenged on appeal. Rule 84.04(d)(2)(A). No such identification is made in Claimant's point. Next, Rule 84.04(d)(2)(B) requires the appellant to state concisely the legal reasons for the claim of reversible error. Rule 84.04(d)(2)(C) gives an example that should be "substantially" followed. This example contains a reference to the applicable statute authorizing review. Although Claimant mentions that her argument has something to do with the law of creating a security interest, she fails to concisely state her legal reasons for claiming error or any applicable statute. Next, the point should explain in summary fashion why the legal reasons require reversal under the facts of this case. Rule 84.04(d)(2)(C). Claimant's brief does not give any such explanation. She does not mention a single fact of her case in her Point Relied On. Claimant's Point Relied On does not comply with Rule 84.04(d).

■ In addition to the foregoing problems, the Division also complains that there are no references to authorities in the text portion of the brief. A review of the short argument by Claimant (one and one-half pages long) indicates that Claimant cites one case in support of her explanation of the appellate court's scope of review. No authority in support of her claim of error is cited. A lack of legal authority is not necessarily fatal; however, if legal authority does not exist because of the novel issue on appeal, this should be stated in the brief. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). Claimant makes no such statement.

■ More worrisome than the lack of legal authority is that Claimant's argument consists solely of a recitation of the appellate court's role in reviewing this case. An argument should discuss how the principles of law and the facts of the case interact. *Christomos v. Holiday Inn Branson*, 26 S.W.3d 485, 487 (Mo.App. S.D.2000). No such discussion is contained in Claimant's brief. Rule 84.04(d)(4) states, "Abstract statements of law, standing alone, do not comply with this rule." Assuming for the sake of argument that Claimant succeeded in stating abstract statements of law, she certainly did no more than this. Claimant's argument portion of her brief does not comply with Rule 84.04.

■ Briefs that fail to substantially comply with Rule 84.04 preserve nothing for appellate review. *Newcomb v. Humansville R–IV School District*, 908 S.W.2d 821, 832 (Mo.App. S.D.1995);

*Christomos,* 26 S.W.3d at 486. The problems with the Point Relied On are especially troubling. The objectives of the Point Relied On requirements are to give notice to the opponent what precise matters are to be argued and to inform the appellate court of the issues presented so that the court is not forced to interpret the argument, possibly differently than was intended by the party. *Thummel,* 570 S.W.2d at 686. Claimant's brief fails to give such notice and information. We need not review Claimant's brief in such a situation. *Myrick v. Eastern Broadcasting, Inc.,* 970 S.W.2d 885, 886 (Mo.App. S.D.1998).

We may, in our discretion, review Claimant's claim under the plain error standard of Rule 84.13(c). We need determine only whether a manifest injustice or miscarriage of justice resulted. We find that it did not.

In reviewing the decision of the agency, it is the appellate court's duty to determine if the agency's decision was supported by competent and substantial evidence on the record as a whole. *Chrismer,* 816 S.W.2d at 700. Only evidence favorable to the Division's decision is considered. *Id.* If the Division's decision is supported by substantial and competent evidence found in the record, then the Division's decision should be affirmed. *Id.*

We find that the Division's decision denying benefits to Claimant was supported by substantial and competent evidence. On July 7, 1998, Claimant's husband executed a "Notification of Pledge" wherein he pledged all of his right to a Pioneer Fund Class A, number 001–6204924862 ("account 862"), to Heritage State Bank. The Division specifically found that account 862 was unavailable to Claimant because of the pledge.

On April 27, 1999, a second Pioneer Fund Class A account was opened in Claimant's husband's name and assigned the number 001–6206253555 ("account 555"). No evidence of any encumbrance of account 555 was presented to the Division. The Division determined that account 555 prevents Claimant from qualifying for benefits because its value (over $8,000 at the time of the hearing in front of the Division) was above the minimum allowed ($2,000) and there was no evidence that the funds in account 555 were unavailable to Claimant.

Claimant appears to argue that account 555 was a "derivative" account of account 862, and the security interest from account 862 automatically attached to account 555. Claimant cites no authority for this proposition. Nothing in the record indicates this as factually true. It is evident that a transfer occurred out of account 862 on the same day a transfer into account 555 occurred. Assuming this is proof account 862 was the source of the funds to open account 555, it does not show whether account 555 was unavailable to Claimant because of some type of encumbrance similar to the pledge of account 862.

The Division's denial of Claimant's application is based on the competent evidence that account 555 is a resource to Claimant. Claimant has the burden of proving she is eligible for public benefits. *Chrismer,* 816 S.W.2d at 700. If those funds are not, in fact, available to Claimant, she failed to meet her burden of showing that was the case. We cannot say the Division erred in making its decision. We do not find manifest injustice or a miscarriage of justice.

We reverse and remand with directions to the trial court to reinstate the decision of the Division.

GARRISON, P.J., and PREWITT, J., concur.