**Annie F. MERRIWEATHER, Individually and on behalf of all others similarly situated,**

**v.**

**William H. BURSON, Director of the State Department of Family and Children Services, in his Official Capacity and Personally.**

**Civ. A. No. 13630.**

United States District Court,
N. D. Georgia,
Atlanta Division.

April 23, 1970.

Michael H. Terry, Ralph L. Jacobson, Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Robert J. Castellani, John W. Hinchey, Asst. Attys. Gen., Georgia Dept. of Law, Atlanta, Ga., for defendant.

SIDNEY O. SMITH, Chief Judge.

This is a class action for injunctive and declaratory relief brought pursuant to 42 U.S.C.A. § 1983 and 28 U.S.C.A. §§ 2201, 2202. Jurisdiction is invoked

under 28 U.S.C.A. § 1343. Plaintiffs seek an injunction restraining the defendant from reducing or terminating Georgia Public Welfare Assistance grants without affording the recipient the pre-termination hearing required by Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). They also pray a judgment declaring that the State-wide regulations which allow reductions and terminations without such a hearing are unconstitutional, depriving plaintiffs of due process and equal protection of the law.

On April 1, 1970, a temporary restraining order was issued prohibiting the defendant from continuing to deny welfare assistance to class representatives and members who had not been afforded a pre-termination hearing prior to the defendant's decision to reduce or terminate their assistance. Simultaneously, the defendant was ordered to show cause why a preliminary injunction should not be granted. The hearing on the show-cause order was held April 20, 1970.

Argument at the hearing centered on the meaning and application of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The contentions of the parties centered around two issues:

(1) Does the *Goldberg* requirement of pretermination hearings apply to both reductions and terminations of welfare benefits: is every *reduction* a *termination* of those benefits no longer to be received?

(2) Is the *Goldberg* requirement of pre-termination hearings limited to terminations which are based on the particular factual circumstances of an individual recipient or interest group, or must there also be hearings before terminations resulting from across-the-board changes applicable without regard to the circumstances of individual recipients?

### 1.

*Goldberg* resolved the specific question whether a state may terminate public assistance payments to a particular recipient without affording him the opportunity for an evidentiary hearing prior to termination. In ruling that states may not terminate benefits without such a hearing, the United States Supreme Court held that "the crucial factor in this context * * * is that termination of aid pending resolution of a controversy over eligibility may deprive an *eligible* recipient of the very means by which to live while he waits." Goldberg, 397 U.S. at 264, 90 S.Ct. at 1018.

The same result may arise from a substantial reduction of benefits. It too, may so shift the recipient's central concern to finding the means for daily subsistence, that it undercuts his ability to seek redress from the welfare administration. Goldberg, 397 U.S. at 264, n. 12, 90 S.Ct. 1011. Furthermore, without imputing any lack of good faith to Georgia welfare officials, an extreme reduction of benefits may be the substantial equivalent of termination. Accordingly, there is no distinction between reduction and termination of public assistance substantial enough to warrant differentiation here: *Goldberg* requires a pre-termination hearing in either case, under the circumstances set out below.

### 2.

The function of the pre-termination hearing is to produce an initial determination of the validity of the welfare department's grounds for discontinuing payment of benefits. Goldberg, 397 U.S. at 267, 90 S.Ct. 1011. Part II of the Supreme Court's opinion makes it clear that the High Court had in mind the department's *factual* grounds for discontinuing payments. The aspects of due process which the Supreme Court stressed were those constituting the procedural safeguards surrounding administrative resolution of a factual controversy: notice, an opportunity to be heard, to present evidence, and to confront and cross examine adverse witnesses. Goldberg, 397 U.S. 267–270, 90 S.Ct. 1011. Furthermore, the Supreme

Court held that the hearing need not include the one procedural safeguard most important in resolving legal, rather than factual controversies—the right to counsel. Goldberg, 397 U.S. 270, 90 S.Ct. 1011.

It must constantly be borne in mind that the pre-termination hearing is but one step in the administrative process: there is also the post termination "fair hearing" which will provide the recipient with a full administrative review. *Id.* at 266, 90 S.Ct. 1011. Accordingly, it appears that *Goldberg* requires a pre-termination hearing only when termination rests on a factual determination made by the welfare agency based on the circumstances of the individual recipient; in such case, the purpose of the hearing is to make certain that the *assigned reason for the decision to terminate benefits* has a sound basis in fact.

A common-sense view of the spirit of the *Goldberg* decision seems to indicate a desire to prevent a unilateral factual determination on the part of welfare officials that a particular recipient is ineligible for benefits, in view of the possibility that a determination thus made may be disputed or erroneous. This view necessarily implies that where a reduction or termination is not thus grounded on particular facts relating to an individual recipient or assistance group, there is no need for an evidentiary hearing. Thus, where across-the-board cuts in funding necessitate wholesale reductions in benefits or changes in other programs such as social security benefits result in "automatic" reductions or terminations, it would be a useless expenditure of money to hold hearings at the request of any number of recipients opposed to reductions dictated by the state or federal legislature, rather than by the facts governing eligibility of particular recipients. Nor is such pre-termination hearing to operate as a vehicle for a file review on all other facts concerning a recipient's case, but is limited to the assigned reason for change. Other matters may properly be considered in post-termination hearings or upon renewed applications.

Accordingly it is hereby ordered and adjudged that the defendant, his successor in office, agents and employees, be and they are hereby enjoined from:

(1) terminating or reducing the aid of any public assistance recipient prior to granting him reasonable and adequate notice and opportunity for a hearing which satisfies the standards of due process of law set out in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), where the proposed termination is based upon factual determinations relating to the eligibility of the particular recipient for those benefits. This order extends to all proposed reductions or terminations notice of which was mailed to the recipient on or after March 23, 1970, and to all proposed reductions or terminations notice of which was mailed before March 23, 1970, but which were not effectuated (by mailing a reduced check or by failing to mail a check) until March 23, 1970, or thereafter.

Any regulation in the Georgia Manual of Public Welfare Administration providing for or permitting reductions or terminations without such pre-termination notice and opportunity for a hearing are hereby declared to violate the Fourteenth Amendment to the United States Constitution; and continuing to adhere to such regulations with respect to the proposed reductions defined herein above shall be deemed a violation of the injunctive features of this Order.

Costs are cast upon defendant.

It is so ordered.