Irwin D. Davidson, J.
By this article 78 proceeding, petitioner, a welfare recipient, seeks to have her welfare allotment restored to the figure that existed before it was reduced.
Petitioner contends that, without being accorded a hearing, her allotment was summarily reduced.
It appears that petitioner, mother of four children, one of whom is Aracelis Arce, had been receiving $159 every 15 days for maintenance and support. On April 1, 1970, without notice, the family budget was reduced $42.50 each pay period. The New York City Social Services Commission justifies the reduction on the ground that the Social Security Administration awarded to petitioner a lump sum in excess of $4,100 in trust for her daughter Aracelis Arce, and she will continue to receive a recurring sum of $42.25 semimonthly from the Social Security Administration in trust for this child.
Petitioner contends that until a hearing is accorded to her, no action may be taken to reduce her welfare allotment *611 (Goldberg v. Kelly, 397 U. S. 254). It is contended this rule prevails whether the Welfare Commissioner seeks to remove a welfare recipient from the welfare rolls or whether he seeks to reduce a recipient’s allotment. The full dress adversary hearing is a prerequisite to action by the Welfare Commissioner.
In a recent case quite similar to the instant one Mr. Justice Saypol sustained a petitioner’s claim to a full adversary hearing before the welfare recipient’s rent allowance could be reduced (Matter of Ramirez [Goldberg], N. Y. L. J., March 26, 1970, p. 2, col. 4).
The cross motion of the Welfare Commissioner to dismiss the petition is denied. The petition is granted. Pending the hearing, petitioner will be restored to the status quo ante.