488 P.2d 1207

STATE of New Mexico, ex rel. Alean ELLIS and Jeanine Caruso, on behalf of themselves and all others similarly situated, Petitioners-Appellees,

v.

Richard W. HEIM, Director of the New Mexico Department of Health and Social Services et al., Respondents-Appellants.

No. 9272.

Supreme Court of New Mexico.

Sept. 20, 1971.

David L. Norvell, Atty. Gen., Julia C. Southerland, Robert J. Laughlin, Sp. Asst. Attys. Gen., Santa Fe, for respondents-appellants.

Earl Wylie Potter, Santa Fe, Michael B. Browde, Albuquerque, for petitioners-appellees.

## OPINION

COMPTON, Chief Justice.

This is an appeal from a judgment enjoining the New Mexico Department of Health and Social Services from reducing the percentage of unmet need paid by that department to recipients of Aid for Families with Dependent Children, from 90% to 88%. We reverse.

The New Mexico legislature delegated to the Department of Health and Social Services the authority to make rules and regulations governing the dispersing of funds, § 13–1–10, N.M.S.A.1953. Pursuant to this authority, the Department amended its regulations to authorize Aid for Families with Dependent Children payments of 88% of unmet need beginning April 1, 1971. This notice of reduction was mailed to all recipients of Aid for Families with Dependent Children on March 1, 1971. Appellees contend that this reduction was done in such a manner that they were denied due process of law as required by the United States Constitution, relying mainly on Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

The question presented is whether the appellees have been denied due process of law as required by the Federal Constitution. We think the notices were adequate. The United States District Court for the

District of Vermont, when faced with a similar situation in Provost v. Betit, 326 F. Supp. 920 (1971), distinguished Goldberg v. Kelly, supra, thusly:

> "The plaintiffs rely on Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970), and subsequent lower court decisions which reason, by analogy to Goldberg, that a reduction in welfare benefits must be preceded by notice and an opportunity to be heard. See generally, Woodson v. Houston, 27 Mich.App. 239, 183 N.W.2d 465 (1970); Morgan v. Martin, 2 CCH Pov.L.Rep. ¶ 12,113 (N.D.Colo.1970); Merriweather v. Burson, 325 F.Supp. 709 (W.D.Ga.1970); and Figueroa v. Wyman, 63 Misc.2d 610, 313 N.Y.S.2d 274 (1970). This reliance, it would appear, is misplaced. We are not here dealing with a factual determination that the level of an individual's grant should be reduced because of a change in individual circumstances, but rather with a state-wide social welfare policy impartially affecting all welfare recipients."

In this case the reduction is not based on a factual determination to reduce an individual's payment, but is a statewide reduction affecting a whole class of recipients, a legislative action, in order to meet budgetary limitations. The Department notified all Aid to Families with Dependent Children recipients that the reduction was to be taken from their checks beginning April 1, 1971. This notice, thirty days prior to the effective date of reduction, in light of our conclusion that the Department's action was a legislative action, was sufficient to meet applicable procedural due process requirements. On the other hand had the Departmental action been an individual determination the standards of procedural due process announced as required in Goldberg v. Kelly, supra, would be applicable.

Appellees raise the point that the Department's action contravenes its own regulations. Appellees cite New Mexico Department of Health and Social Services Regulations 271.122 as requiring and setting forth notice procedures to be followed by the Department when reducing benefits. Reliance on this regulation is misplaced. The regulation speaks only to proposed reduction by a county welfare office, not a state-wide policy change such as the change in issue here.

The judgment should be reversed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.