Ibbie WHITE, Appellant,

v.

DIVISION OF FAMILY SERVICES, Respondent.

No. 43887.

Missouri Court of Appeals, Eastern District, Division Three.

May 18, 1982.

Edward Berg, Mid-Missouri Legal Serv. Corp., Columbia, for appellant.

Melody A. Bryan, Jefferson City, for respondent.

CRIST, Judge.

Claimant Ibbie White appeals from order of circuit court affirming the decision of the Director of the Division of Family Services terminating free transportation provided under Title XX of the Social Security Act. We affirm.

Claimant, a woman in her eighties, served as a volunteer for the Foster Grandparents Program at the Courtney Day Care Center in Mexico, Missouri. Claimant worked approximately twenty to twenty-five hours a week and received a stipend of $1.60 per

hour. She was provided free transportation to and from the day care center by the Older American Transportation System (OATS).

The Division of Family Services (DFS) is the designated single state agency for the implementation of Title XX in Missouri. Pursuant to 45 C.F.R. § 228.5, DFS promulgated a Final Comprehensive Annual Social Service Program Plan for the 1977–78 fiscal year. Claimant was afforded transportation from her home to her volunteer site under this plan. In addition, she was given transportation services for medical, nutritional, shopping and business purposes.

In accordance with 45 C.F.R. § 228.33, DFS reevaluated the plan for the 1978–79 fiscal year and modified it to include specific need criteria for transportation for non-essential business. DFS then began reviewing its cases to determine which services would no longer be covered under the revamped plan. On December 21, 1978, claimant was orally advised that free transportation to volunteer sites was no longer available under the state plan, but that she could appeal the action.

On December 27, 1978, claimant filed an application for a state hearing. The hearing was held on January 31, 1979. On February 22, 1979, the decision of the DFS denying transportation for voluntary work by claimant was upheld. Claimant appealed to the circuit court under § 208.100, RSMo. 1978.

Claimant's points on appeal can be summarized as follows:

I) The oral notice of the change in service was a denial of due process.

II) Claimant was entitled to the free transportation until her hearing, and further, that DFS should have provided free transportation to volunteer sites under the plan.

■ If claimant was deprived of a protected property interest, she was entitled to procedural due process. *Home Building Corporation v. Ventura Corporation*, 568 S.W.2d 769, 773 (Mo. banc 1978). *See also, Board of Regents of State Colleges v. Roth*,

408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556 (1972) and *Young v. Whitworth*, 522 F.Supp. 759, 762 (S.D.Ohio 1981). But, since decisions rendered by an administrative body are presumed to be correct, claimant carries the burden of surmounting this presumption by showing unfairness in the procedure or error in the result. Claimant has not sustained this burden. *Mueller v. Ruddy*, 617 S.W.2d 466, 475 (Mo.App. 1981); *Bland v. City of Trenton*, 618 S.W.2d 438, 441 (Mo.App.1981).

■ Due process must be determined by what is just in light of the details of the particular case. It is an adaptable doctrine. *Goss v. Lopez*, 419 U.S. 565, 578, 95 S.Ct. 729, 738, 42 L.Ed.2d 725, 737 (1975). Written notice is not required in all instances. Informal notice may comply with due process. *See, Bignall v. North Idaho College*, 538 F.2d 243, 247–248 (9th Cir. 1976). Claimant does not dispute the fact that she actually received oral notice of the change in the service plan. She admits she was informed of her opportunity to appeal. Since claimant appealed the action as a result of oral notice conveyed to her by DFS, she was not prejudiced. In the absence of prejudice, the failure to afford her a formal, written notice did not offend due process. *See, Long v. Thornton Tp. High Sch. Dist. 205*, 82 F.R.D. 186, 192 (N.D.Ill. 1979).

■ We also disagree with claimant's assertion that due process required continuation of service until her hearing. The implementation of the service plan for 1978–79 was state-wide. The elimination of free transportation services to volunteer sites was not grounded on the particular facts of claimant's case, but was necessitated by a reevaluation of the program's goals and objectives. *Goldberg v. Kelly*, 397 U.S. 254, 263, 90 S.Ct. 1011, 1018, 25 L.Ed.2d 287, 296 (1970). *See also, Gonzales v. Vowell*, 361 F.Supp. 1230, 1235 (N.D.Tex.1973); *Merriweather v. Burson*, 325 F.Supp. 709, 711 (N.D.Ga.1970). Under the change in service plan, claimant had no right to receive the service in question. Without a legitimate

claim to the free transportation services, claimant was not denied due process when such services were cancelled prior to her hearing. See, *Board of Regents of State Colleges, supra,* 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561 and *Newsom v. Vanderbilt University,* 653 F.2d 1100, 1116–1122 (6th Cir. 1981).

As to claimant's argument that DFS was required under its service plan to provide her with transportation to volunteer sites, the order of the circuit court affirming the decision of the administrative agency is supported by competent and substantial evidence on the whole record. No error of law appears, and an extended discussion in this regard would have no precedential value. Rule 84.16(b).

Judgment affirmed.

REINHARD, P. J., and DOWD, J., concur.