Thurlow COLLINS, Petitioner–
Appellant,

v.

DEPARTMENT OF SOCIAL SERVICES, FAMILY SUPPORT DIVISION, Respondent–Respondent.

No. 26111.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 30, 2004.

Robyn A. Horton, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen P. Hess, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Presiding Judge.

The Department of Social Services, Family Support Division ("the Division"), appeals from a judgment of the Circuit Court of Howell County reversing the Division's determination that Thurlow Collins ("Mr. Collins") should be denied Medical Assistance ("MA"), Qualified Medicare Beneficiary ("QMB"), and Specified Low-Income Medicare Beneficiary ("SLMB") benefits on the basis of his ownership of property with a value in excess of $2,000.

The facts of the case are undisputed. Mr. Collins applied for MA, QMB, and SLMB benefits with the Division (formerly, the Division of Family Services). The Division denied Mr. Collins's application because of its determination that he owned property valued in excess of the amount allowed in order to receive benefits ($2,000).

Mr. Collins owns approximately twelve acres of property in rural Howell County. He purchased the acreage in the same conveyance although it consisted of two tracts, one of approximately seven acres and the other of approximately five acres. At the time of purchase, Mr. Collins and his wife made use of the property for farming, but later moved onto the property and have since made it their home. Several years ago, the Collins's son ("Tony") constructed and moved into a second house on the property, but has never purchased an interest in the property, paid rent of any sort, or paid any taxes on the property. The mortgage on the property has since been paid off, all by Mr. and Mrs. Collins.

Missouri law provides for a homestead exemption when the Division is determining whether an applicant has resources which would make him or her ineligible for

benefits. Section 208.010.9.[1] Division regulations state that the home is "the principal place of residence of the claimant." 13 C.S.R. § 40–2.030(2).[2] When the home is located in a town or city, "lots on which there is no dwelling and which adjoin the residence are considered part of the home." *Id.* However, when the home is located on rural property, it includes "the acreage on which the home is located plus any adjoining acreage." *Id.* A married applicant and his or her spouse who have available resources which are not exempt and exceed $2,000 are ineligible for assistance. 13 C.S.R. § 40–2.030(12).

Mr. Collins's claim was originally decided by a caseworker. The Division caseworker interpreted 13 C.S.R. § 40–2.030(2) as meaning that if a married applicant owns real property that is not furnishing shelter to him and has a current market value of $2,000 or more, it shall be considered a resource that will render him ineligible for assistance. In order to determine the value of the house occupied by Tony, the caseworker ordered an appraisal of the property. The appraiser found the value of the house occupied by Tony to be $20,000, well in excess of the $2,000 limit.

The caseworker determined, on the basis of the appraisal and her interpretation of 13 C.S.R. § 40–2.030, that Mr. Collins was ineligible for benefits based on the value of the second home on his property. Mr. Collins requested a hearing to review the decision of the caseworker, which was heard by the Division. The Division upheld the determination of its caseworker, stating that "the house in which Claimant's [Mr. Collins's] son lives is not considered exempt property, although the land upon which it is situated was considered exempt as part of the homestead."

Pursuant to Section 208.100, Mr. Collins appealed the order of the Division to the Circuit Court of Howell County. The circuit court found in favor of Mr. Collins, stating that the denial of benefits "based on a finding of excess resources in the form of a second dwelling on [Mr. Collins's] rural property was not supported by competent and substantial evidence based on the whole record," and the decision was therefore "arbitrary, capricious and unreasonable, and involved an abuse of discretion." The circuit court found that "[t]he entirety of the rural acreage shall be exempted as a rural 'homestead' pursuant to 13 C.S.R. 2.030(8)(A)(5), regardless of additional dwellings on such rural property." The Division then filed its notice of appeal.

■■■ When the circuit court reverses an administrative agency's ruling, the appellate court "reviews the agency's decision, not that of the circuit court." *Garrett v. Mo. Dept. of Soc. Serv.*, 57 S.W.3d 916, 917 (Mo.App. S.D.2001).[3] An agency's decision is presumed to be correct, however. *White v. Division of Family Serv.*, 634 S.W.2d 258, 260 (Mo.App. E.D.1982). The reviewing court must examine the "record in the light most favorable to the administrative decision and disregard[ ] evidence that might support findings different from those of the agency." *Clark v. Reeves*, 854 S.W.2d 28, 31 (Mo.App. W.D.1993). The typical scope of review is whether the agency's decision "is supported by competent and substantial evidence on the record as a whole." *Chrismer v. Mo. Div. of Family Serv.*, 816 S.W.2d 696, 700 (Mo.

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

2. All references to regulations are to the Missouri Code of State Regulations (2004) unless otherwise noted.

3. According to Rule 84.05(e), the party aggrieved by the agency's decision files the appellant's brief, here that is Mr. Collins, and the Division files its brief as the respondent.

App. W.D.1991). However, when the agency decision "involves the interpretation of law and application of the law to undisputed facts, [the court] must form [its] own independent conclusions, and [the court] [is] not bound by the interpretation of the agency." *Maples v. Dept. of Soc. Serv., Div. of Family Serv.*, 11 S.W.3d 869, 870–71 (Mo.App. S.D.2000); *see also Burlington Northern R.R. v. Director of Revenue*, 785 S.W.2d 272, 273 (Mo. banc 1990). Some deference, however, is appropriate when the issue involves an agency interpretation of its own regulation. *State ex rel. Webster v. Mo. Resource Recovery, Inc.*, 825 S.W.2d 916, 931 (Mo.App. S.D. 1992); *see also Morton v. Mo. Air Conservation Comm'n.*, 944 S.W.2d 231, 238 (Mo. App. S.D.1997).

■ In Mr. Collins's single point on appeal, he claims that the Division improperly interpreted 13 C.S.R. § 40–2.030 by not excluding his "total farming unit" [4] regardless of whether there is an additional dwelling on his property. Mr. Collins argues that the language of 13 C.S.R. § 40–2.030(2), when describing rural property, does not specifically mention additional dwellings on property, but only "adjoining acreage." Mr. Collins notes that the definition of a "home" in a town or city contains specific language including adjoining "lots on which there is no dwelling." 13 C.S.R. § 40–2.030(2). Mr. Collins also points to the definition of a "home" for AFDC beneficiaries which specifically excludes property on which a second dwelling is located. 13 C.S.R. § 40–2.030(8)(A)(5). Mr. Collins claims, there-fore, that the regulation in question is unambiguous, in that, unlike the definition of a home in a town or city or for AFDC beneficiaries, the definition for rural property under the regulation does not contain a specific exclusion for a second dwelling. According to Mr. Collins, the second dwelling on his property should be included as part of his homestead exemption.

The Division counters by claiming that the regulation is unambiguous. The crux of the Division's argument is that Section 208.010.9 exempts the home of the applicant "when the home is providing shelter to the applicant or recipient, or his or her spouse or dependent child." The Division's rule follows the spirit of the statute by defining a rural home to include acreage adjoining the home. 13 C.S.R. § 40–2.030(2). According to the Division, the plain meaning of acreage does not include a dwelling, but only a "measure of land." Hence, the definition of home in a rural area includes a surrounding measure of land, not another house on land adjoining the property. The Division also argues that its interpretation of its own regulation is entitled to deference, and is consistent with Social Security Disability guidelines and Missouri bankruptcy law regarding homestead exemptions. *See* 42 U.S.C. § 1382b(a)(1) (2000); 20 C.F.R. § 416.1212(a); § 513.475; *Palmer v. Omer*, 316 Mo. 1188, 295 S.W. 123, 125 (1927); *In re: Soper*, 258 B.R. 748, 749–50 (Bankr.W.D.Mo.2001).

Furthermore, the Division argues that when a claimant has assets that are potentially income producing, the claimant

---

**4.** 13 C.S.R. § 40–2.030(8)(A)(5) states that "for rural property, the acreage on which the home is located plus any adjoining acreage which is a part of that farming acreage which is a part of that farming unit will be considered as part of the home." Mr. Collins appears to be claiming in his point relied on that the second home is part of his "total farming unit" as that language is used in 13 C.S.R. § 40–2.030(8)(A)(5). However, the Division did not base its decision on the language contained in this section of the regulation, but on similar language in 13 C.S.R. § 40–2.030(2), set out previously, regarding adjoining "acreage."

should be required to use those assets for his or her care before receiving assistance from the state. *See Riggs v. Dept. of Public Health & Welfare,* 483 S.W.2d 769, 772 (Mo.App.1972). Accordingly, the policy underlying the homestead exemption would not be served by allowing a benefits claimant with multiple, potentially income producing homes to claim a homestead exemption over both just because both homes are situated on contiguous property.

▮▮▮ We agree with the Division that the plain meaning of 13 C.S.R. § 40–2.030(2) does not include a second home on rural property, but only an amount of adjoining land. "Unambiguous provisions in statutes and regulations must be given their plain and ordinary meaning." *Natural Resources, Inc. v. Mo. Highway & Transp. Comm'n,* 107 S.W.3d 451, 453 (Mo.App. S.D.2003). In order to determine whether a statute or regulation is unambiguous, we look to "whether the language is plain and clear to a person of ordinary intelligence." *Id.* Ordinary meanings for words are typically derived from the dictionary when not defined in the statute or regulation. *Id.* The regulation states that only "adjoining acreage" will be excluded as part of the homestead exemption. 13 C.S.R. § 40–2.030(2). Webster's dictionary defines "acreage" as an "[a]rea of land in acres." WEBSTER'S II NEW RIVERSIDE DICTIONARY (The Riverside Publishing Company, 1988).

This court owes some deference to the Division's interpretation of the meaning of "acreage." The Division interprets "acreage" in accordance with Webster's dictionary definition and consistent with its plain meaning in that it does not include a residence. We also find that the plain meaning of the word "acreage" does not include a residence. The definition of acreage does not contemplate a home or residence. Furthermore, a person of ordinary intelligence, when hearing or reading the word "acreage" does not immediately think of houses, but instead of open fields or expanses of undeveloped land. The plain meaning of the term "acreage" is limited to a measure of land. Accordingly, the Division's interpretation is neither unreasonable nor arbitrary and will be sustained.

We also find the Division's policy argument persuasive. Mr. Collins, as the record owner of the land upon which the house occupied by his son is located, has the right to convey that property at any time, and to make use of it in any way he wishes. The appraiser found the house to have a value of $20,000. Mr. Collins could theoretically sell the portion of his property containing the second home for that amount, or rent it, in order to provide income which he may then use for his care. It would be inappropriate, as the Division points out, to allow rural landowners with multiple, potentially income producing houses to exclude those houses when determining eligibility for benefits simply because the houses sit on land adjoining the owner's residence.

The determination of the Division that Mr. Collins is ineligible for benefits due to his ownership of non-exempted property with a value of more than $2,000 is affirmed.

PREWITT and RAHMEYER, JJ., concur.