

# Missouri Court of Appeals

## Southern District

### In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD38313 |
| | ) | |
| v. | ) | **Filed: August 28, 2024** |
| | ) | |
| TIMOTHY LOUIS SMITH, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Aaron G. Koeppen, Judge

**AFFIRMED**

## Introduction

This appeal involves the scope of section 195.205, the Good Samaritan Law, which provides immunity for certain drug-related offenses to a person experiencing a drug or alcohol overdose or other medical emergency who seeks medical assistance for himself or herself if the evidence "was gained as a result of seeking or obtaining medical assistance[.]"[1] § 195.205.2.

---

[1] Section 195.205 was passed in an effort to combat the effects of the ongoing opioid epidemic. **State v. Gill**, 642 S.W.3d 356, 360 (Mo. App. E.D. 2022). All statutory citations are to RSMo Cum. Supp. (2017) unless otherwise indicated.

In 2021, Appellant Timothy Louis Smith called 911 because he could not breathe. Both emergency medical services ("EMS") and a law enforcement officer responded to Smith's call. After EMS determined there was no medical need for Smith to be transported and Smith declined any further treatment, Smith asked the officer for a ride to a nearby gas station. The officer agreed, but only if Smith would consent to a search for safety reasons. Smith consented, and the officer found a plastic bag with methamphetamine residue and a syringe cap in Smith's backpack. Smith was charged with possession of a controlled substance and possession of drug paraphernalia.

Smith filed a motion to dismiss, arguing he was immune from prosecution under section 195.205, because the evidence was found "as a result of" Smith seeking medical assistance. The trial court denied Smith's motion, and the case proceeded to a bench trial. Following trial, Smith was found guilty of the offenses as charged.

Smith appeals his convictions in a single point, arguing the trial court erred in denying his motion to dismiss because section 195.205 applied since the evidence would not have been discovered but for his call for medical assistance. Smith's argument ignores the plain language of the statute. Because the plain language of the statute requires the evidence be gained *as a result of* seeking or obtaining medical assistance, it does not apply where there is a break in the causal chain between the request for medical assistance and the discovery of the evidence. In Smith's case, the evidence was found as a result of his consent to a search, not because he called for medical assistance. Smith's convictions are affirmed.

## Background

On June 4, 2021, Smith called 911 because he could not breathe. While talking to the 911 operator, Smith also reported that someone was trying to kill him. Both EMS and a law enforcement officer responded to Smith's location.

EMS evaluated Smith and determined there was no medical need to transport him to a hospital and Smith signed a refusal of treatment. While Smith was being evaluated by EMS, the officer spoke to the occupants of the home at the address where he and EMS had been dispatched. The occupants explained Smith had been kicked out of the house after a verbal altercation, but no one was trying to kill Smith. They told the officer that Smith was "no longer welcome to stay there."

Because Smith was no longer welcome on the property, the officer told Smith he would need to find a new place to stay. Together, the officer and Smith contacted a hotel and a homeless shelter, but neither place could accommodate Smith. Smith asked the officer if he could go to another friend's house, approximately 100 or 150 yards away, so the two walked to that house but no one was home.

Sometime later, over 40 minutes after EMS had left the scene, Smith asked the officer for a ride to a gas station. The officer agreed on the condition that Smith would consent to a search of his person and belongings for officer safety. Smith consented, and the officer found a plastic bag with white residue and a syringe cap with a similar substance. The residue was sent to a lab for testing and was determined to be methamphetamine.

Smith was charged with one count of unlawful possession of a controlled substance and one count of unlawful possession of drug paraphernalia. He filed a motion to dismiss under section 195.205 and argued he was immune from prosecution. The trial court denied Smith's motion, and the case proceeded to a bench trial, where Smith was found guilty as charged and was sentenced as a persistent offender.

## Discussion

Smith argues the trial court erred in denying his motion to dismiss and entering a judgment of conviction for possession of methamphetamine and drug paraphernalia because section 195.205 provides immunity from prosecution for certain drug-related offenses when the evidence is gained "as a result of" a person seeking medical assistance. According to Smith, section 195.205 should apply because the officer would not have found the drugs if Smith had never requested medical assistance. This is an argument for "but for" causation. Smith's argument ignores the plain language of the statute.

### *Standard of Review*

When reviewing the circuit court's ruling on a motion to dismiss, this Court defers to the circuit court's factual findings but reviews questions of law *de novo*. **State v. Andrews**, 643 S.W.3d 497, 499 (Mo. banc 2022). Whether section 195.205 applies to the facts of Smith's case raises a question of statutory interpretation. "Questions of statutory interpretation are reviewed *de novo*, giving no deference to the circuit court's determination." **State ex rel. Bailey v. Fulton**, 659 S.W.3d 909, 912 (Mo. banc 2023).

4

Our primary goal of statutory interpretation is to give effect to legislative intent, "which is most clearly evidenced by the plain text of the statute." *Id.* (quoting *State ex rel. Goldsworthy v. Kanatzar*, 543 S.W.3d 582, 585 (Mo. banc 2018)). "Words and phrases shall be taken in their plain or ordinary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." § 1.090. "[I]f the language of a statute is plain and unambiguous, this Court is bound to apply that language as written and may not resort to canons of construction to arrive at a different result." *Fulton*, 659 S.W.3d at 912 (quoting *State ex rel. Hillman v. Beger*, 566 S.W.3d 600, 605 (Mo. banc 2019)).

*Analysis*

In 2017, the Missouri General Assembly enacted section 195.205, to encourage people witnessing or experiencing a drug overdose to promptly seek potentially life-saving medical attention. *Gill*, 642 S.W.3d at 359-60. This statute provides a defense to certain drug-related offenses to anyone:

> who, in good faith, seeks or obtains medical assistance for someone who is experiencing a drug or alcohol overdose or other medical emergency or a person experiencing a drug or alcohol overdose or other medical emergency who seeks medical assistance for himself or herself or is the subject of a good faith request shall not be arrested, charged, prosecuted, convicted, or have his or her property subject to civil forfeiture or otherwise be penalized for the following *if the evidence* for the arrest, charge, prosecution, conviction, seizure, or penalty *was gained as a result of seeking or obtaining medical assistance*[.]

§ 195.205.2 (emphasis added).

This is a case of first impression. Since the statute only provides immunity if the evidence for the charge "was gained as a result of seeking or obtaining

medical assistance[,]" this case turns on whether that language is ambiguous and can reasonably be construed to encompass but-for causation, as Smith argues.[2] *See* **State v. Salcedo**, No. WD86061, 2024 WL 1057071, at *5 (Mo. App. W.D. March 12, 2024) (quoting § 195.205.2) (holding section 195.205 did not apply where evidence was found "as a result of" deputies executing a warrant because the deputies were not responding to a request for "medical assistance" when they arrived at the defendant's residence.).

To determine if a statute is unambiguous, we look to whether the language is plain and clear to a person of ordinary intelligence. **Collins v. Department Of Soc. Servs., Family Support Div.**, 141 S.W.3d 501, 505 (Mo. App. S.D. 2004). Ordinary meanings for words are typically derived from the dictionary when not defined in the statute. **Id.** "As a result of" means "because of something[.]"[3] By placing the phrase "as a result of " immediately before "seeking or obtaining medical assistance[,]" the legislature demonstrated an intent to limit immunity to situations where the evidence is discovered *because* the person sought or obtained medical assistance. This connotes a stronger causal connection than "but for" since "but for" simply means that the event

---

[2]

"Medical assistance" includes, but is not limited to, reporting a drug or alcohol overdose *or other medical emergency* to law enforcement, the 911 system, a poison control center, or a medical provider; assisting someone so reporting; or providing care to someone who is experiencing a drug or alcohol overdose or other medical emergency while awaiting the arrival of medical assistance.

§ 195.205.1(2) (emphasis added). We assume, without deciding, that Smith's call to 911 for shortness of breath was a request for "medical assistance" under the statute since the definition includes "other medical emergencies" and is "not limited to" drug or alcohol overdoses.

[3] *As a result Definition*, *Merriam-Webster.Com*, https://www.merriam-webster.com/dictionary/as a result (last visited Aug. 7, 2024).

would not have occurred "but for" the defendant's conduct.  This means that for immunity to apply under section 195.205, a defendant must show that seeking or obtaining medical assistance *caused* the evidence to be discovered.

Smith's argument for "but for" causation ignores the plain language of the statute and ascribes to it a meaning the General Assembly did not intend.  If the General Assembly intended for section 195.205's immunity to apply in cases where the evidence would not have been discovered *but for* the person's request for medical assistance, it could have easily said so.[4]  The words "but for" do not appear in the statute and, "[t]his Court will not add words to a statute[.]" ***Macon Cty. Emergency Servs. Bd. v. Macon Cty. Comm'n***, 485 S.W.3d 353, 356 (Mo. banc 2016).

While no other Missouri court has decided this issue, other jurisdictions with similar statutes have rejected arguments to extend immunity to situations where there is a break in the causal chain between the call for medical assistance and the discovery of evidence.[5]  For example, in ***State v. Waiters***, 347 So.3d

---

[4] In fact, our General Assembly has used "but for" language in other statutes.  For example, section 537.117 extends immunity to any uncompensated officer of a non-profit organization for "such actions for which the person would not otherwise be liable, *but for* his affiliation with such an entity." (emphasis added).  So, the General Assembly was certainly aware of how to incorporate but-for causation into a statute.  The fact that the General Assembly did not use such language in section 195.205 is because it did not intend for but-for causation to apply.  We presume the General Assembly intends what the statute says. ***State v. Haskins***, 950 S.W.2d 613, 615 (Mo. App. S.D. 1997).

[5]

> Most states provide that immunity provisions protect against prosecution where evidence is discovered as a result of the overdose event and the need for medical assistance.  However, such provisions generally allow police to secure evidence by other means, such as by receiving consent from a property owner to conduct a thorough search for contraband or by obtaining a search warrant to conduct a search.

Thomas E. Griner, PhD, JD, MPP et. al., *State-by-State Examination of Overdose Medical Amnesty Laws*, 40 J. Legal Med. 171, 188 (2020).

533 (Fla. Dist. Ct. App. 2022), the Florida Court of Appeals rejected an argument like Smith's where evidence was found after police responded to a call for medical assistance and discovered the defendant had an outstanding warrant and arrested the defendant. There, the defendant filed a motion to dismiss and argued he was immune under a Florida statute providing immunity where the evidence is obtained "as a result of" a request for medical assistance. *Id.* at 536. The trial court granted the motion, applying a broad "but for" causation test to provide immunity. *Id.* The State appealed, and the Florida Court of Appeals rejected the trial court's broad interpretation:

> Were we to accept the trial court's "but for" causation test, an individual would enjoy immunity beyond that intended by the statute. According to [the defendant], an arresting officer must turn a blind eye to any contraband discovered pursuant to a search incident to arrest on an outstanding warrant because the series of events leading to that discovery began with [the defendant's] need for medical assistance for a suspected drug overdose. This is, indeed, a strained reading of the statute; it ignores the legislative intent reflected in section 893.21(2)'s staff analysis.

*Id.* at 539. Because the outstanding warrant, not the request for medical assistance, was the cause of the discovery of the evidence, the statute that provided immunity did not apply. *Id.* at 540. ("Section 893.21 requires that the request for medical assistance be *the cause* of the discovery of the evidence ('as a result[.]')").

We follow similar reasoning. Section 195.205 requires the request for or obtainment of medical assistance be *the cause* of the discovery of the evidence. "As a result of" does not mean "but for" and the language of section 195.205 is unambiguous. To construe the statute in the manner Smith suggests would require us to ignore the plain language of the statute and would extend the scope

8

of the statute far beyond what the General Assembly intended.  Never mind that a person is no longer seeking medical assistance.  Never mind that the drugs are found only after a person consented to a search.  To Smith, these facts don't matter so long as it was the act of seeking medical assistance that started the causal chain of events that led to the discovery of the evidence.  That strained interpretation of section 195.205 is not what our General Assembly said or intended.

In Smith's case, the evidence was found not because Smith called for medical assistance but because he consented to a search after asking the officer for a ride.  Applying section 195.205 to Smith's case would not further the purpose of the statute since, by the time the evidence was discovered, he was no longer in need of medical assistance or seeking medical assistance.  The trial court did not err in denying Smith's motion to dismiss and entering a judgment of conviction.  Smith's point is denied.

## Conclusion

The judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS

9